IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KENNETH NEWKIRK,

    Plaintiff,

v.                               Civil Action No. 3:14CV171–HEH

WILLIAM SHAW, *et al.*,

    Defendants.

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

Kenneth Newkirk, a Virginia inmate proceeding *pro se* submitted this 42 U.S.C. § 1983 action.[1] The action is filed. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

2

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of the Complaint

On or about July 1, 2014, a jury in the Circuit Court for the City of Hampton ("Circuit Court") convicted Newkirk of first-degree murder and shooting/stabbing in commission of a felony. *See Commonwealth v. Newkirk*, Nos. CR11000878–00 and CR11000878–01 (Va. Cir. Ct. July 1, 2014).[2] In a rambling and incoherent Complaint,

---

[2] *See* http://www.courts.state.va.us/courts/circuit/hampton (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select

3

Newkirk alleges that the following individuals and entities committed various errors in his criminal prosecution: Judge William Shaw; Artisha Todd from the Commonwealth Attorney's Office; the Portsmouth, Virginia Magistrate Judge and Circuit Court; Judge Bonnie Jones; the Hampton, Virginia Sheriff's Department; and defense counsel George Rogers. (Compl. 1–3, 5.)[3] Newkirk also asserts several claims regarding the conditions of his confinement against David Simons, Superintendent of Hampton Roads Regional Jail. (*Id.* at 7.)

Newkirk demands fifty billion dollars from each defendant and injunctive relief. (*Id.* at 8.) As explained below, Newkirk's Complaint will be dismissed.

### C. Disposition of Improperly Joined Claims against David Simons

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants he must also satisfy Federal Rule of Civil Procedure 20, which provides:

---

"Hampton Circuit" from drop-down menu and follow "Begin" button; type "Newkirk, Kenneth," and then follow "Search by Name" button; then follow hyperlinks for "CR11000878–00" and "CR11000878–01").

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in quotations from Newkirk's Complaint.

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007);

*Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." *Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

Here, Newkirk asserts numerous claims against Defendant Simons, including that that the "trustees/tray servers . . . serve trays without hairnets," that he is not permitted to clean his own cell or shower daily, he is not allowed to go to the law library, that jail staff searches his cell randomly when he is not present, and that he "constantly gets disrespected, mistreated from staff." (Compl. 7.) Newkirk asserts that these are "atypical hardship[s]" that violate the due process clause of the Fifth and Fourteenth Amendments. (*Id.*)

Newkirk's claims against Defendant Simons relate to the conditions of Newkirk's incarceration, and are factually and legally distinct from Newkirk's claims against the other defendants, which relate to alleged errors or improprieties during Newkirk's judicial proceedings. Neither Rule 20(a), nor the interests of judicial economy, permit Plaintiff to pursue his "mishmash of a complaint" in its current form. *George*, 507 F.3d at 607. Because Newkirk's claims against Defendant Simons arise from disparate transactions, and are not joined by a common question of law or fact to his other allegations, Newkirk's claims against Simons will be dismissed without prejudice.

### D. Analysis of the Remaining Claims

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Newkirk's Complaint fails to state a claim for several reasons.

#### 1. Defendant Rogers

For Defendant Rogers, Newkirk states:

> [Rogers] still refuses to get off my case, he does not do his basic duties of a standby counsel. . . . Rogers said it's *not* his job to look up cases, make copies of my legal documents, assist me in preparing a defense, do research on my accusers. He has no right to force himself on my case.

(Compl. 3 (citation omitted).)

Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v.*

7

*Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Newkirk's claims against Defendant Rogers will be dismissed.

### 2. Judicial Immunity

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

Newkirk alleges the following as to Defendant Shaw:

> The Supreme Court of VA appointed Judge William Shaw on my case Dec. 2013. I informed Judge Shaw that there were other due process violations, motions to dismiss[, and] habeas already filed against Judge Louis Lerner.

8

> Without waiting for the result of the prior appeals Judge William Shaw is still trying to pursue trial. I also have an indictment challenge on appeal from dealing with Judge Louis Lerner. Judge William Shaw does not care about this either. I'm being denied exculpatory evidence from the Commonwealth Anton Bell and now Artisha Todd. I informed Judge William Shaw and even submitted a subpoena motion to compel discovery Rule 3A:12 B [ ] of witnesses and all evidence. I also submitted a subpoena for the employees of the Hampton Roads Regional Jail to discuss the problems I'm having. Judge William Shaw refused to honor my subpoena requests. All of this is a violation of the Equal Rights of the 14th Amendment.

(Compl. 6.)

Newkirk alleges the following as to the Magistrate for Portsmouth, Virginia:

> I've complained to the Portsmouth, VA Magistrate several times about the mistreatment I've received from the jail staff and they do nothing to investigate my claims. The "do nothing" approach have [sic] and still is putting my safety at risk.

(*Id.* at 5.)

Newkirk alleges the following as to the Defendant Jones:

> [Jones] forced George Rogers on my case[,] denied me bond. I cannot fully prepare for my case while incarcerated. As a pro se, under Art. I Sec. 8 I have a due process clause right to go to [the] crime scene, interview material witnesses, have unlimited access to a law library. [Jones] recused herself off my case Nov. 19, 2013 because of [my] civil suit. [She] should've done it 6/12/12 when I first filed civil suit.

(*Id.* at 3.)

Newkirk fails to allege that Defendant Shaw's, the Magistrate Judge's, or Defendant Jones's conduct falls under either exception to judicial immunity. Newkirk alleges neither that their actions and statements amounted to a nonjudicial action nor that any of these Defendants acted in the complete absence of all jurisdiction. Because

9

Defendant Shaw, the Magistrate Judge, and Defendant Jones are entitled to judicial immunity, Newkirk's claims against these three Defendants will be dismissed.

### 3. Defendants Portsmouth Circuit Court and the Hampton Sheriff's Office

The Eleventh Amendment bars actions for monetary damages against a state by its own citizens. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). "It is well settled that, in Virginia, suits against . . . the Sheriff's Office[ ] are considered suits against the state." *Bell v. City of Roanoke Sheriff's Office*, No. 7:09CV00214, 2009 WL 5083459, at *2 (W.D. Va. Dec. 23, 2009) (citing cases); *see also Savage v. Cnty. of Stafford, Va.*, No. 109CV1328, 2010 WL 1873222, at *3 (E.D. Va. May 4, 2010). The Circuit Court of Portsmouth, Virginia is also not a person amenable to suit under § 1983. *See Oliva v. Boyer*, No. 98–1696, 1998 WL 637405, at *1 (4th Cir. Sept. 11, 1998) ("[T]he Defendant court system is not a person defined by . . . § 1983). For these reasons, Newkirk's claims against Circuit Court of Portsmouth, Virginia and the Hampton Sheriff's Office will be dismissed.

### 4. Defendant Artisha Todd

Prosecutorial immunity bars Newkirk's claims against Defendant Todd. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S.

at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Newkirk vaguely states that Defendant Todd "denied [Newkirk] exculpatory evidence," and that his "case should've been and should be dismissed." (Compl. 6–7.) Newkirk fails in his Motion to describe what evidence Todd withheld, or how that would have proven exculpatory. Accordingly, Newkirk fails to allege that Defendant Todd's actions in Newkirk's pending criminal proceedings were actions taken outside of her role as an advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Thus, Newkirk's claim against Defendant Todd is foreclosed, and will be dismissed.

Finally, given the frivolous nature of Newkirk's claims, Newkirk states no basis for injunctive relief. *See* 28 U.S.C. § 1915A(b)(1).

### E. Conclusion

Newkirk's claims against Defendant Simon will be dismissed without prejudice. Newkirk's remaining claims will be dismissed with prejudice. The action will be

dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g). The Court notes that Newkirk has four strikes under 28 U.S.C. § 1915(g).[1] See Newkirk v. Shaw, No. 3:14CV426, 2014 WL 4161991–HEH, at *3 (E.D. Va. Aug. 19, 2014); Newkirk v. Cir. Ct. of the City of Hampton, No. 3:14CV372–HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); Newkirk v. Lerner, No. 3:13CV364–HEH, 2014 WL 587174, at *5 (E.D. Va. Feb. 14, 2014); Newkirk v. Chappell, No. 3:13CV73–HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 26, 2014
Richmond, Virginia